**STATE**

v.

**Raul VARGAS.**

**No. 82–107–C.A.**

Supreme Court of Rhode Island.

Nov. 17, 1982.

Dennis J. Roberts II, Atty. Gen., John J. McMahon, Sp. Asst. Atty. Gen., for plaintiff.

William F. Reilly, Public Defender, Barbara Hurst, Chief Appellate Atty., for defendant.

## OPINION

PER CURIAM.

This is a sequel to *State v. Vargas*, R.I., 420 A.2d 809 (1980), in which this court affirmed a Superior Court judgment of conviction which found the defendant, Raul Vargas (Vargas), guilty of first-degree murder. In affirming the conviction, we also sustained the trial justice when he allowed the prosecution to impeach the testimony of a prosecution witness, one Eduardo Guitard (Guitard), by the use of a statement the witness had given to the police three hours after the shooting that gave rise to the murder charge. In upholding the trial justice, we rejected Vargas's argument that the trial justice should have determined whether the statement was voluntarily given to the police before the impeachment could take place.

Following our affirmance, Vargas instituted habeas corpus proceedings in the United States District Court for the District of Rhode Island. The District Court, after noting that the position taken by this court in the *Vargas* case was at odds with the position taken by the Court of Appeals for the First Circuit in *LaFrance v. Bohlinger*, 499 F.2d 29 (1st Cir.1974), remanded the case to the Superior Court for a hearing on the voluntariness of Guitard's statement.

The Superior Court justice who presided at the remand hearing listened to conflicting testimony. Guitard, a native of Puerto Rico, insisted that at the time he gave a statement to the Pawtucket police, he was unable to "converse well in English." He also told the trial justice that while he was at Pawtucket police headquarters, he was harassed by the police. This harassment took the form of "pounding on the table," "putting their hands in front of my face," and refusing to give him either breakfast or a place to sleep.

The state witnesses presented a different picture. Its first witness, Osvaldo R. Castillo, a Providence police officer whose friendship with Guitard began when they grew up together in Puerto Rico, testified that approximately two hours after the shooting he accompanied members of the Pawtucket police to Guitard's Providence home. After telling the lieutenant in charge that Guitard spoke broken English, Castillo was ordered to apprise his friend in Spanish of his "constitutional rights." Guitard responded by saying he was willing to give a statement.

Several witnesses told the trial justice that Guitard was quite conversant with the English language. For instance, an interpreter who had been summoned by the police to read back in Spanish to Guitard a statement he had given to the police reported that when she arrived at the station, Guitard and several officers were having coffee. According to the interpreter, Guitard told her that there was no necessity for any translation because he "understood it the first time."

A second witness was the attorney who tried the *Vargas* case. As part of his prep-

aration, he had interviewed Guitard on two different occasions. At all times, he said, the conversation was carried on in English. When Guitard was shown the statement he had given to the police, he told the prosecutor that the statement was correct. Although Guitard spoke with a "thick Spanish accent," the prosecutor experienced no difficulty in understanding him.

The trial justice, in finding that Guitard's statement was a product of his free will, observed that at the time of the interview Guitard obviously wanted to give an accurate account of what had happened at the shooting incident but that at the time of trial, when "he was being asked by the state to be a principal witness against his long-time friend," he "wanted to back off from the statement he gave."

On October 7, 1982, Vargas's counsel appeared before us in response to our order to show cause why his appeal should not be summarily dismissed by demonstrating in what respects the trial justice's ruling on the voluntariness of Guitard's statement was clearly erroneous. After consideration of the arguments of counsel and an independent examination of the record, it is our belief that cause was not shown, especially since the crucial issue to be resolved involved an assessment of the credibility of the witnesses, a task that lies within the exclusive province of the trial justice rather than in this court. *State v. Jenison*, R.I., 442 A.2d 866, 872–73 (1982).

Since Guitard has failed to persuade us that the trial justice, in his evaluation of the evidence, misconceived or overlooked material evidence or was otherwise clearly wrong, the order appealed from is affirmed and the cause is remanded to the Superior Court with directions to forward the record and the appropriate findings therein to the United States District Court for the District of Rhode Island.

WEISBERGER, J., did not participate.